IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MORRIS WILLIAMS | § |
| | § |
| VS. | §   CIVIL NO. 4:24-CV-110-P |
| | § |
| MIDLAND CREDIT MANAGEMENT, | § |
| INC. | § |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANT's MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pending before the Court is Defendant Midland Credit Management, Inc.'s Motion to Dismiss [doc. 5], filed March 7, 2024. Having carefully considered the motion, response, and reply, the Court recommends that Defendant's motion to **GRANTED IN PART** and **DENIED IN PART**.

In its motion, Defendant argues that, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), Plaintiff has improperly served Defendant because, *inter alia*, Plaintiff himself attempted to serve Defendant by certified mail. (Defendant's Motion to Dismiss at 2-4.) "For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4." *Moore v. Fed. Emergency Mgmt. Agency*, No. 4:18-CV-3959, 2019 WL 3570450, at *2 (S.D. Tex. Aug. 6, 2019). When a defendant is a corporation, partnership, or association, as is Defendant, Rule 4(h), as relevant here, states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

> appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h).

Additionally, Rule 4(e)(1) states that, unless federal law provides otherwise, an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pursuant to Texas Rule of Civil Procedure ("Texas Rule") 106(a)(2), process may be served by any person authorized by Rule 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation with a copy and of the petition." Texas Rule 103 explicitly requires that process be served by: "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. Rule 103 also states that service by certified mail must, if requested, be made by the clerk of the court in which the case is pending but that "**no person who is a party** to or is interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103 (emphasis added); *see also* Fed. R. Civ. P. 4(c)(2) ("stating that service may be made by "[a] person who is at least 18 years old and **not** a party") (emphasis added).

In this case, Plaintiff, in his response, admits that the service by certified mail on Defendant was "sent directly by the Plaintiff to the Defendant." (Plaintiff's Response to Defendant's Motion to Dismiss at 2.) However, as set forth above, for Plaintiff's certified mail service of process to be valid on Defendant, a copy of the summons and complaint must have been sent by an *authorized uninterested* party. *See* Tex. R. Civ. P. 103, 106(a)(2). Consequently, the Court finds and

concludes that Plaintiff has failed to establish proper service of process on Defendant that complies with the Federal and Texas Rules of Civil Procedure.

Now that the Court has determined that service on Defendant was not properly accomplished, the Court must now decide whether dismissal of this action is warranted. In this case, the time for Plaintiff to effectuate proper service on Defendant pursuant to Rule 4(m) has not expired. Consequently, the Court finds and concludes that Plaintiff be given another opportunity to effect and file proper proof of service on Defendant.

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint [doc. 5] be **GRANTED IN PART** in that the Court find that Plaintiff has not properly effectuated service on Defendant. The Court further recommends that Defendant's Motion to Dismiss Plaintiff's Complaint [doc. 5] be **DENIED IN PART** in that Plaintiff be given an additional opportunity to effect and file proper proof of service on Defendant.

SIGNED March 18, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv